EDMOND MORELAND *et al.*, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where, at the second term, after a demand for trial in a criminal case, the case was called in its order and the defendants failed to appear, and the recognizance was forfeited, and no new application was made to the court for trial, and no excuse given for failure to appear at the calling of the cause, it is too late after the juries are discharged, to ask for an order discharging the defendants, nor does it help the case that the judge had announced, after he had gone through the criminal docket, that he would not try any more criminal cases, and that the defendants' counsel had informed the solicitor general that they desired their case tried. The application should have been to the court, with an excuse for failing to appear at the calling of the cause.

Criminal law. Demand for trial. Before Judge BUCHANAN. Troup Superior Court. May Term, 1873.

At the May term, 1872, of Troup superior court, an indictment was found against Edmond Moreland and Samuel Watts, for the offense of larceny from the house. At the November term of the same year, a demand for trial in behalf of both of the defendants, was entered on the minutes. At the May term, 1873, the case was called in its regular order and the defendants not appearing, their bonds were forfeited. After the call of the criminal docket was concluded the court announced that no other criminal cases would be called except those in which bills had been found during that term. During the call of cases embraced in the above exception, defendants stated to the solicitor general that they would like to be tried. Subsequently, on the last day of the term, after the juries had been dismissed, defendants moved for an order of discharge. The motion was overruled and defendants excepted.

B. H. BIGHAM, for plaintiffs in error.

A. H. COX, solicitor general, for the state.

McCAY, Judge.

As a matter of course this section of the Code authorizing the defendant in a misdemeanor to demand a trial, and if

Moreland *et al. vs.* The State of Georgia.

not tried at the second term after such demand is put on the minutes, to demand his discharge, must be qualified so as not to give him his discharge when the failure to try is his own fault, and so this court has in effect ruled : 21 *Georgia,* 148. Whose fault was the failure here ? When the criminal docket was called, the case against him was called and he did not appear. *Prima facie,* we think this put him in fault, and he had no *legal right* to insist on his demand after this. To give a defendant the right thus to play fast and loose with the court, to be absent at his pleasure when his case is called in its order, and then speculate upon the occupation of the court until he sees it practically impossible to try him, and then and there insist upon his demand, would be to make a statute intended to prevent oppression a machine for defrauding the law. As we have said, we think when he failed to be present at the regular call of the court he lost his absolute right to be tried. If after this he can present a good excuse for his absence, and the court has not, in the progress of business, got something else on hand that would make indulgence to a prisoner a public wrong, we think it would be the duty of the court to try him at his request, or at the pleasure of the court. But if he wait, as he did here, until the juries are discharged, we think common sense as well as any fair construction of this act, declares that he is too late. Juries are not then empanneled and qualified to try him. This statute was not passed to enable criminals to escape, but to prevent innocent persons from being harassed by improper delay. We cannot but suspect that the defendant's anxiety for a trial did not fully develope itself until he saw a trial was impossible, and his is not the first instance of men being very anxious for a fight as soon as it is apparent that no fighting can possibly be done. There is nothing in the conversation with the solicitor general. He does not and ought not to control the business of the court.

Judgment affirmed.